# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TREY SHOCKLEY and ZACKARY )
  SHOCKLEY, )
                                        )
      Plaintiffs, )
                                        )
vs. ) NO. CIV-10-517-D
                                        )
CITY OF WAURIKA, a political subdivision )
  of the State of Oklahoma, *ex rel.* THE )
  WAURIKA POLICE DEPARTMENT, a )
  department of the City of Waurika, )
                                        )
      Defendants. )

## ORDER

Before the Court is Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 6]. Plaintiffs timely responded to the motion, and Defendants filed a reply. In their response to the motion, Plaintiffs also argue that the Court lacks subject matter jurisdiction over this action, which was removed from state court. Plaintiffs ask the Court to remand the case.

I. Background:

On April 26, 2010, Plaintiffs filed this action in the District Court of Jefferson County, Oklahoma, asserting claims arising from a traffic stop by a police officer employed by the City of Waurika, Oklahoma ("Waurika"). In their petition,[1] Plaintiffs allege that Defendants are liable for the purported tortious conduct of Officer Steven Dyer, a Waurika police officer. According to the petition, Officer Dyer initiated a traffic stop of Plaintiffs' vehicle; they contend he then unlawfully detained them and used unreasonable and unnecessary force by brandishing a non-lethal taser weapon. Plaintiffs contend that, as a result of these actions, they suffered severe emotional distress.

---

[1] Because the case was filed in state court, Plaintiffs' claims are set forth in a petition rather than in a complaint.

They seek to hold Defendants liable for Officer Dyer's conduct, alleging that Defendants were negligent in hiring, training and/or supervising him; they also contend that Defendants were negligent in adopting and/or implementing their policies or guidelines regarding the use of force and in the supervision and training of officers regarding those policies or guidelines.

On May 17, 2010, Defendants removed this case pursuant to 28 U. S. C. § 1446(a) and (b), alleging that this Court has federal question jurisdiction. Defendants contend Plaintiffs' claims arise under the laws of the United States because Plaintiffs' accuse Officer Dyer of violating their constitutional rights. In the removal notice, Defendants allege that, pursuant to 28 U. S. C. § 1331, this Court has original jurisdiction based on the existence of a federal question.

Defendants' motion to dismiss was filed on May 20, 2010, and argues the action must be dismissed because Plaintiffs failed to plead facts sufficient to state a claim for relief based on a violation of their constitutional rights. Defendants' argument is based on the contention that Plaintiffs' factual allegations are insufficient to state a plausible claim for relief under 42 U. S. C. § 1983, which provides a remedy for the violation of federal constitutional or civil rights by a state officer acting under color of law.

In response to the motion, Plaintiffs argue this action must be remanded to state court because, contrary to Defendants' contentions, no federal question is raised by Plaintiffs' allegations. Plaintiffs contend they do not assert a 42 U. S. C. § 1983 claim based on a violation of their federal constitutional rights and do not seek damages based on § 1983 or any other federal law. Instead, Plaintiffs contend they assert only state law negligence claims, and seek to hold Defendants liable under the provisions of the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51 § 151, *et seq.* ("GTCA"). Because their claims do not present a federal question, Plaintiffs argue the Court

2

lacks subject matter jurisdiction, and the case must be remanded. Alternatively, Plaintiffs argue their allegations are sufficient to withstand dismissal under Rule 12(b)(6).

In their reply brief, Defendants do not address Plaintiffs' jurisdictional argument. Instead, they focus only on their Rule 12(b)(6) motion and their contention that Plaintiffs' allegations fail to state a claim for relief under § 1983.

The Court must remand the action if, at any time before final judgment, it appears that subject matter jurisdiction is lacking. 28 U. S. C. § 1447(c). Accordingly, the Court will determine the question of subject matter jurisdiction before considering Defendants' motion to dismiss.

II. Subject matter jurisdiction based on a federal question:

Pursuant to 28 U. S. C. § 1331, the Court has jurisdiction of civil actions "arising under the Constitution, laws or treaties of the United States." Under 28 U.S.C. § 1441, a defendant in a state court case may remove the case to federal court "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson* 404 F. 3d 1245, 1247 (10th Cir. 2005) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price,* 138 F.App'x 81, 83 (10th Cir.2005) (unpublished opinion) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189(1936)). The removal statutes must be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F. 3d 1090, 1095 (10th Cir. 2005). Because there is a presumption against removal jurisdiction, doubtful cases must be resolved in favor of remand. *Baby C*, 138 F. App'x at 83*; Laughlin v. Kmart Corp.,* 50 F. 3d 871, 873 (10th Cir. 1995).

A. Standards governing removal based on a federal question:

To establish federal question jurisdiction for removal purposes, the federal question must

be "presented on the face of the plaintiff's properly pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U. S. 826, 830 (2002); *Garley v. Sandia Corp.*, 236 F. 3d 1200, 1207 (10th Cir. 2001) (quoting *Caterpillar, Inc.,* 482 U.S. at 392). Under the "well-pleaded complaint rule," a suit "arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Turgeau v. Administrative Review Board*, 446 F. 3d 1052, 1060 (10th Cir. 2006) (quoting *Schmeling v. NORDAM*, 97 F. 3d 1336, 1339 (10th Cir. 1996)). The plaintiff is the "master of the claim and may prevent removal by choosing not to plead a federal claim even if one is available." *Id.* Thus, a plaintiff "may avoid federal question jurisdiction by exclusive reliance on state law."[2] *City of Park City v. Rural Water Dist. No. 2*, 960 F. Supp. 255, 257 -258 (D.Kan.1997) (citing *Caterpillar, Inc.*, 482 U.S. at 392). A defendant cannot "change the character of a plaintiff's case" by inserting allegations of a federal nature in the petition for removal. *Warner Brothers Records, Inc. v. R.A. Ridges Distributing Company, Inc.*, 475 F.2d 262, 264 (10th Cir. 1973). However, "a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of his claim." *Turgeau,* 446 F. 3d at 1060-61; *Schmeling*, 97 F. 3d at 1339 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)).

A federal question is presented either where federal law creates the cause of action, or there is "the presence of a federal issue in a state-created cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986). To sustain federal question jurisdiction, the face of the complaint must show that "plaintiff's right to relief necessarily depends on resolution of a substantial

---

[2]The rule that the federal question must appear on the face of the plaintiff's complaint does not apply where the plaintiff relies on a state law that has been preempted by federal law. *See Garley*, 236 F. 3d at 1207 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). In this case, Defendants do not contend that Plaintiffs' state law claims are preempted by federal law; the exception is thus inapplicable.

question of federal law." *Franchise Tax Board,* 463 U.S. at 28. It is not enough that the plaintiff mentions a federal law, as the "mere reference to some aspect of federal law in the complaint does not automatically mean that an action is removable." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper and Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009) ("Wright & Miller). "[T]here must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue or a claim that, properly analyzed, arises only under state law." *Id.* (emphasis added).

B. Application to Plaintiffs' claims:

In this case, Plaintiffs expressly state that their only causes of action are based on the Defendants' alleged negligence, failure to train, and failure to supervise Officer Dyer. Plaintiffs expressly allege that, prior to filing suit, they complied with the GTCA statutory notice requirements by submitting their tort claims to Waurika. A copy of the GTCA claim is submitted as an exhibit to Plaintiffs' response brief.

As Plaintiffs correctly note, the state court petition does not mention 42 U. S. C. § 1983. In their response, they expressly state that they are not asserting a claim that Officer Dyer violated their federal constitutional rights, nor are they seeking a remedy based on any federal law.

A review of their petition reflects that Plaintiffs assert negligence and other tort claims against Waurika and its police department. The basis of these claims is the conduct of Officer Dyer in connection with a traffic stop and his subsequent use of a taser. They allege that he was acting under "color of law" at the time because he initiated a traffic stop in connection with his duties as a Waurika police officer. Although Plaintiffs allege that his conduct was in violation of "the constitution and state law," they do not expressly cite a federal constitutional provision. Their

5

response brief reflects that it is their intent to rely only on state law in support of their claims.

Defendants' motion to dismiss focuses on the contention that Plaintiffs fail to allege sufficient facts to state a plausible claim for relief based on a purported violation of the Fourth Amendment or other federal constitutional provisions. Defendants correctly cite and discuss the federal court standards for assessing the sufficiency of such claims under Rule 12(b)(6). *See Ashcroft v. Iqbal,* __ U. S. __, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, __ U. S. __, 127 S. Ct. 1955 (2007). Defendants also discuss at length several Tenth Circuit decisions applying these standards to § 1983 claims based on the alleged conduct of law enforcement officers. However, Defendants' arguments are based only on the assumption that Plaintiffs seek to assert a § 1983 claim based on the alleged conduct of Officer Dyer, a claim that Plaintiffs do not seek to pursue.

That Plaintiffs could arguably assert a § 1983 claim based on the allegations in the petition does not compel them to do so, as they may choose to rely only on state law in pursuing a remedy. *See, e. g.,Caterpillar, Inc.*, 482 U.S. at 392. By asserting negligence claims based on the provisions of the GTCA, Plaintiffs have chosen to rely on Oklahoma law. That the petition includes a reference to a violation of the "constitution and state law" does not convert their action to one arising under § 1983 or any other federal law and does not render the case removable on grounds that a federal question is presented. *See* Wright & Miller, § 3722.

As discussed, *supra,* however, Plaintiffs cannot avoid federal jurisdiction by characterizing their claims as state issues if their right to relief "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board,* 463 U.S. at 28. In this case, the Court has examined the claims and concludes that Plaintiffs' right to relief does not require consideration of

6

federal law. In Oklahoma, a claim based on unlawful or excessive force by a police officer may be asserted under the GTCA. *Morales v. City of Oklahoma City*, 230 P. 3d 869 (Okla. 2010). In *Morales*, the mother of a minor allegedly injured as a result of a police officer's purported use of excessive force brought a GTCA claim against the municipality employing the officer; the case was adjudicated only under the provisions of the GTCA, without reference to federal law.

In this case, Plaintiffs seek to hold Defendants liable, under the GTCA, for Officer Dyer's alleged improper conduct as a Waurika police officer. The Court concludes that Plaintiffs' right to relief on the claims asserted does not require the resolution of a substantial federal question.

Accordingly, the Court concludes that subject matter jurisdiction is lacking in this action, and the case must be remanded to the District Court of Jefferson County, Oklahoma. Because the action must be remanded for lack of subject matter jurisdiction, the Court will not address the arguments asserted in the Motion to Dismiss.

III. Conclusion:

For the foregoing reasons, this action is hereby remanded to the District Court of Jefferson County, Oklahoma. The Court Clerk is directed to take all actions necessary to effectuate the remand.

IT IS SO ORDERED this 6th day of August, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE